IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

    v.                             CASE NO.: 1:08CR41-SPM/AK

JOHNNY MILLER GREEN,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT FOUR**

THIS CAUSE comes before the Court upon Defendant Green's motion to dismiss Count Four of the Indictment (doc. 44). The Government filed a response in opposition (doc. 49).

Green argues that Count Four of the Indictment should be dismissed because the Government violated his substantive right to due process under the Fifth Amendment of the U.S. Constitution. (Def.'s Mtn.) Green requests an evidentiary hearing and moves for dismissal of Count Four. (Def.'s Mtn. ¶ 7.) For the following reasons, Green's motion will be denied.

Green argues that Count Four of the Indictment, charging a violation of 18 U.S.C. § 1001(a) ("making a false statement"), should be dismissed because the Government violated his substantive right to due process in two ways. (Def.'s Mtn. at 9.) First, Green alleges that the Government set up an interview to

"manufacture a crime" and to induce him to make a false statement to investigators. (Def.'s Mtn. ¶¶ 4, 5.) Second, Green alleges the Government failed to advise him of his Fifth Amendment privilege to remain silent during the voluntary interview, therefore depriving him of the privilege. (Def.'s Mtn. ¶¶ 4, 5.)

Even if the facts as stated by Green are accepted as true, dismissal of Count Four is unwarranted. Green has alleged no illegal trickery on the part of the Government. *See United States v. Romano*, 583 F.2d 1, 7 (1st Cir. 1978) ("The Government would not, of course, be free to trick a potential witness by requiring detailed self-incriminatory statements . . . while reassuring the witness that these would not be used for the purpose of further investigation."). The "exculpatory no" claim has been rejected by the United States Supreme Court. *See Brogan v. United States*, 522 U.S. 398, 401, 402-03 (1998) (holding that a simple denial of guilt, or "exculpatory no," falls within the meaning of § 1001(a) and may form the basis of a conviction for making a false statement). The Government's actions, even viewed in totality and as Green presents them, are not so outrageous that they shock the judicial conscience. *See United States v. Ofshe*, 817 F.2d 1508 (11th Cir. 1987) (affirming the defendant's conviction and finding no shock of the judicial conscience even after the Government placed a body bug on the defendant's attorney).

Still, Green argues that the Government's actions are fundamentally unfair and therefore violate his right to due process. (Def.'s Mtn. at 10.) Green

Page 3 of 3

believes it was unfair for him to attend a voluntary interview with the FBI on July 30, 2008, and to submit to questions about his actions on November 14, 2007, when the FBI already possessed video and audio tapes of the November events. (Def.'s Mtn. at 7, 8.)  Green also believes it was unfair for the Government to ask him about other matters, which led him to think he was not the target of the investigation.  (Def.'s Mtn. at 8.)  Finally, Green believes it was unfair for the FBI to fail to advise Green of the consequences of making false statements to the FBI until after he had already spoken during the voluntary interview.  (Def.'s Mtn. at 9.)  These facts, however, even if taken as true, do not support Green's allegation of the Government's manufacture of crime, fundamental unfairness, or outrageous conduct.  For that reason, it is hereby ORDERED AND ADJUDGED that Defendant Green's motion to dismiss (doc. 44) is ***denied***.

     DONE AND ORDERED this <u>26th</u> day of February, 2009.

                                 <u>*s/ Stephan P. Mickle*</u>
                                 Stephan P. Mickle
                                 United States District Judge