IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                           Case No. 1:08-CR-41-SPM/AK-2

JOHNNY MILLER GREEN,

    Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION FOR BILL OF PARTICULARS
AND MOTION TO SEVER**

Now pending before the Court are Defendant Johnny Miller Green's Motion for Bill of Particulars (doc. 77) and Motion to Sever (doc. 76). The Government filed Responses objecting to both motions (docs. 81, 82). For reasons set forth below, Defendant's Motions are DENIED.

I.    Motion for Bill of Particulars

Rule 7(f) of the Federal Rules of Criminal Procedure provides, in relevant part, that "a court *may* direct the filing of a bill of particulars." See Fed. R. Crim. P. 7(f)(emphasis added). "The purpose of a bill of particulars is threefold: to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986) (quoting United States v. Cole, 755 F.2d 748, 760 (11th Cir.

1985) (internal quotations omitted).  A defendant may not seek a bill of particulars in order to conduct generalized discovery.  Id.

Having reviewed the indictment, Defendant's Motion for a Bill of Particulars, and the Government's response, the Court finds that the Defendant's motion is without merit. Count I of the indictment alleges that the Defendant and his co-defendant "did knowingly and willfully combine, conspire, confederate, degree and have a tacit understanding together and with other persons to commit offenses against the Unite States[.]" The indictment goes on to list the dates on which overt acts in furtherance of the conspiracy allegedly occurred, and lists some locations of the overt acts and the amounts of money alleged to have been involved. Although the Motion requests that the Government be ordered to specify the "other persons" mentioned in the indictment, the information provided is sufficient to apprise the Defendant of the charge against him and to serve as a barrier against successive prosecution of the same conduct. Although Defendant would like more detailed information from the Government,  "[a] bill of particulars may not be used to compel the government to provide the essential facts regarding the existence and formation of a conspiracy.  Nor is the government required to provide [ a defendant] with all overt acts that might be proven at trial."  United States v. Rosenthal, 793 F.2d 1214, 1226 (11th Cir. 1986).

II. Motion to Sever

Generally, defendants indicted together should be tried together, particularly in conspiracy cases.  See United States v. Smith, 918 F.2d 1551, 1559 (11th Cir. 1990).   If it appears that a defendant is prejudiced by a joint trial with his

co-defendants, however, the district court may sever the trial of co-defendants or grant whatever other relief justice requires. See Fed. R. Crim. P. 14.

"To justify severance, the defendant must demonstrate that a joint trial will result in specific and compelling prejudice to the conduct of his defense." United States v. Cobb, 185 F.3d 1193, 1197 (11th Cir. 1999) (citation and internal quotations omitted). "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." Zafiro, 506 U.S. at 538-39. The "only two circumstances in which severance is the only permissible remedy" is when there is a serious risk that "a joint trial (1) 'would compromise a specific trial right of one of the defendants,' or (2) would 'prevent the jury from making a reliable judgment about guilt or innocence.'" United States v. Browne, 505 F.3d 1229, 1269 (11th Cir. 2007) (citing Zafiro, 506 U.S. at 539).

In support of the Motion to Sever, Defendant argues that he and his co-defendant will present antagonistic defenses. An antagonistic defense may warrant a severance if "the essence of one defendant's defense is contradicted by a co-defendant's defense" so that they are "irreconcilable or mutually exclusive." United States v. Cassano, 132 F.3d 646, 652 (11th Cir. 1998). Mutually antagonistic defenses do not always require a severance, however. United States v. Blankenship, 382 F.3d 1110, 1123 (11th Cir. 2004). The touchstone is whether a joint trial will result in prejudice that cannot be alleviated by any other means. Id.

3

Defendant argues that because his co-defendant's defense of entrapment requires an admission of conspiracy, while the Defendant's defense is that no conspiracy existed, the two have mutually exclusive defenses and must be severed. For severance based on antagonistic defenses to be warranted, the defenses must be so antagonistic that in order for the jury to believe the defense of one defendant it must necessarily disbelieve the defense of the other defendant. See <u>United States v. Knowles</u>, 66 F.3d 1146 (11th Cir. 1995). In the present case, the jury could find that the Defendant's co-defendant was entrapped by the Government to commit an overt act and also find that the Defendant did not have the purpose of forming a conspiracy. As the defenses are not inherently contradictory, this Motion must be denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for a Bill of Particulars (doc. 77) and Motion to Sever (doc. 76) are DENIED.

DONE AND ORDERED this <u>seventeenth</u> day of August, 2009.

      *s/Stephan P. Mickle*
      Stephan P. Mickle
      Chief United States District Judge