IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                              CASE NO.: 1:08-cr-41-SPM/AK

JOHNNY MILLER GREEN,

     Defendant.
_____/

## ORDER DENYING MOTION TO SEVER

This cause comes before the Court on Defendant Johnny Miller Green's Motion to Sever (doc. 106) and the Government's Response in Opposition (doc. 122). For the reasons expressed herein, the Motion to Sever (doc. 106) will be denied.

Defendant contends that a severance is required under Bruton v. United States, 391 U.S. 123 (1968), because at trial the Government will introduce recorded conversations between the Defendant's co-defendant, Marcellus Dawson, and undercover government agent Sean Quinn, allegedly implicating the Defendant in bribery. Defendant will not have an opportunity to cross-examine Dawson, who will exercise his right not to testify.

Under Bruton v. United States, 391 U.S. 123 (1968), a severance of trial is

required on confrontation clause grounds if a co-defendant's confession implicating another defendant will be admitted during a joint trial at which the confessing co-defendant is not subject to cross-examination. A <u>Bruton</u> severance is not required if the co-defendant's confession would nevertheless be admissible against the defendant at a separate trial. <u>Id.</u> at 128 n.3; <u>United States v. Archbold-Newball</u>, 554 F.2d 665, 667 (5th Cir. 1977). In this case, the Government has demonstrated that the statements at issue may be admissible at a separate trial against Defendant as a co-conspirator statement under Federal Rule of Evidence 801(d)(2)(E). Because the statements may be admissible against Defendant, grounds for severance under <u>Bruton</u> have not been established.

Additionally, <u>Bruton</u> is inapplicable to the extemporaneous expressions made by the co-defendant to an undercover FBI agent, whom the co-defendant presumed was an employee of a development company, as they are not confessions.

Moreover, the Defendant also relies on <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), which held that the admission of out-of-court testimonial statements of a witness who is unavailable for cross-examination by a defendant and whom the defendant has not had a prior opportunity to cross-examine violates the confrontation clause. While the Supreme Court declined to "to spell out a comprehensive definition of 'testimonial'" it noted that "it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial;

and to police interrogations." <u>Crawford</u>, 391 U.S. at 68. The examples provided by the Court are markedly different in kind from the co-defendant's conversations with the undercover agent, whom he did not even realize was a law enforcement agent, and are therefore not testimonial.

Furthermore, in three of the four challenged conversations the Defendant is not mentioned by name and is therefore not implicated at all.

Accordingly, it is ORDERED AND ADJUDGED that the Motion to Sever (doc. 106) is **denied**.

DONE AND ORDERED this <u>thirty-first</u> day of December, 2009.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge